**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

TINA DELYNN OSTEEN YAW, individually
and on behalf of a class of all persons and
entities similarly situated,

      Plaintiffs,

vs.

SELECTQUOTE INSURANCE
SERVICES INC.

      Defendant.

Case No. 6:24-cv-04706-JDA

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.  "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.  "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Ina Delynn Osteen Yaw brings this action alleging a violation of the TCPA for contact her number that she placed on the National Do Not Call Registry as well as on behalf of individuals who received multiple calls from the Defendant after they requested to no longer receive calls.

4. Ms. Yaw and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Ms. Yaw brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

5. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff is a resident of Greenville, County.

7. Defendant Selectquote Insurance Services Inc. is a corporation.

## Jurisdiction & Venue

8. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the SCTPPA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

9. The Court has specific personal jurisdiction over the defendant because the calls at issue were made into this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the calls to Ms. Yaw—occurred in this District.

## Statutory Background

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

Calls to Ms. Yaw

17. Ms. Yaw is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Ms. Yaw's telephone number, (828) 575-XXXX has been on the National Do Not Call Registry since 2022.

19. That telephone number is for personal calls only.

20. That telephone number is the Plaintiff's residential line.

21. That telephone number is not used for business purposes.

22. Despite this, the Plaintiff received several telemarketing calls from the Defendant.

23. All of the calls were from (828)-436-XXXX.

24. The Plaintiff received at least one such call on July 25, 2024 and was asked about the need for Medicare.

25. The call ended.

26. The Plaintiff received another such call on July 29, 2024.

27. The Plaintiff received another scripted sales pitch regarding medical insurance.

28. The Plaintiff provided her zip code in South Carolina.

29. The plaintiff spoke with Donald Lorenz.

30. He informed the Plaintiff that his company was Selectquote.

31. He provided the website of [www.selectquote.com](www.selectquote.com).

32. That is the website for the Defendant.

33. He also provided a call back number of (855) 820-9289.

34. That is a telephone number for the Defendant.

35. Again, the call advertised the Defendant's insurance offerings.

36. The Plaintiff never provided her prior express written consent to receive telemarketing calls from the Defendant.

### Class Action Allegations

43. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of class of all other persons or entities similarly situated throughout the United States.

44. The class of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class**:

> All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

45. Excluded from the class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. The class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

47. The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

48. Plaintiff is a member of the class.

49. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether the Defendant violated the TCPA by calling individuals on the National Do Not Call Registry or that had asked to previously no longer receive calls;

    b. Whether the Defendant placed calls without obtaining the recipients' prior consent for the call; and

    c. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

50. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the class, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

51. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52. In fact, the Plaintiff have foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

53. The actions of the Defendant are generally applicable to the class and to the Plaintiff.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

56. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58. Defendant's violations were negligent, willful, or knowing.

59. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

60. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to

telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## Relief Sought

For themselves and all class members, Plaintiff request the following relief:

A. Certification of the proposed class;

B. Appointment of the Plaintiff as representatives of the class;

C. Appointment of the undersigned counsel as counsel for the class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the class of damages, attorneys' fees, and costs, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

DATED this 28th day of August, 2024.

> PLAINTIFF,
> By his attorneys,
>
> By: _s/ Dave Maxfield_____
> David A. Maxfield, Fed ID 6293
> P.O. Box 11865
> Columbia, SC 29211
> 803-509-6800
> 855-299-1656 (fax)
> dave@consumerlawsc.com

        Anthony I. Paronich
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2024, a copy of the foregoing was filed through the Court's CM/ECF System.

        _s/ Dave Maxfield_____
        David A. Maxfield, Fed ID 6293